## LOVE v. FLAHIVE.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 236. Submitted March 8, 1907.—Decided May 27, 1907.

Petition for rehearing in *Love* v. *Flahive*, 205 U. S. 195, denied.

A sale made by a party who is in possession of a tract of public land with an intent thereafter to enter it as a homestead is equivalent to a relinquishment of the right to enter, and the Department may properly treat the party making the sale as having no further claims upon the land. He may not sell and still have the rights of one who has not sold; nor does he by merely continuing in possession create a new right of entry against the party in whose favor he relinquished his right.

THE facts are stated in the opinion.

*Mr. Thomas C. Bach,* for petitioner.

*Mr. S. M. Stockslager* and *Mr. George C. Heard,* opposing.

MR. JUSTICE BREWER delivered the opinion of the court.

A petition for rehearing calls our attention to a misstatement in the opinion. We said that "it appears from the complaint and exhibits that during the time that these proceedings were pending in the Land Department, Love made a sale to James Rundell," etc. The facts are that in May, 1882, Love settled upon and occupied the tract in controversy with the purpose of entering it as a homestead; that the land was then unsurveyed public land; that it was not surveyed until 1888, and that on January 2, 1889, plaintiff for the first time filed in the Land Office an application for an entry. It further appears that the sale to Rundell was made in September, 1883, after the original settlement by the plaintiff, while the land was unsurveyed and before the application to enter. Hence it is not strictly true that while "proceedings were pending in the Land Department,

Love made a sale," for there was nothing of record or on file in that Department until after the entry.

Now the plaintiff contends that conceding that there was a sale and that thereby the plaintiff relinquished the right of entry which he had acquired by his settlement, yet thereafter without having abandoned the possession he filed his application in the land office; that that application must be considered as an entirely new proceeding initiated by one in actual possession, desiring to take the land as a homestead, and that it is error, and error of law, to adjudge it vitiated or affected by the prior sale.

Conceding that the effect of a sale prior to the application projects into the case a question of law, we are still of opinion that the decision of the Secretary was right, and that the award of the patent to Mrs. Flahive must be sustained. A sale made by a party who is in possession of a tract of public land with an intent thereafter to enter it as a homestead is equivalent to a relinquishment of his right to enter, and the Department may properly treat him as having no further claims upon the land. He may not sell and still have the rights of one who has not sold. He does not by merely continuing in possession create a new right of entry as against the party in whose favor he has relinquished his right.

We are of opinion, therefore, that the sale in 1883 was rightfully held by the Department to estop the plaintiff from subsequent entry of the land, at least as against one who was a purchaser from his vendee.

The petition for rehearing is

*Denied.*